# United States Court of Appeals for the Federal Circuit

---

**HENRY SIMMONS,**
*Petitioner-Appellant*

**v.**

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
*Respondent-Appellee*

---

2017-1405

---

Appeal from the United States Court of Federal Claims in No. 1:13-vv-00825-NBF, Senior Judge Nancy B. Firestone.

---

Decided: November 7, 2017

---

JOSEPH PEPPER, Conway Homer, PC, Boston, MA, argued for petitioner-appellant. Also represented by RONALD C. HOMER.

VORIS EDWARD JOHNSON, JR., Vaccine/Torts Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by CHAD A. READLER, C. SALVATORE D'ALESSIO, CATHARINE E. REEVES.

JENNIFER ANNE MAGLIO, Maglio Christopher & Toale PA Law Firm, Sarasota, FL, for amici curiae Vaccine Injured Petitioners Bar Association, The George Washington University Law School Vaccine Injury Litigation Clinic.

———————————

Before PROST, *Chief Judge,* LOURIE and TARANTO, *Circuit Judges.*

PROST, *Chief Judge.*

Appellant Henry Simmons appeals the decision of the Court of Federal Claims ("Claims Court"), *Simmons v. Sec'y of HHS*, 128 Fed. Cl. 579 (2016) ("*Claims Court Decision*"), denying attorneys' fees and costs for his vaccine case. Because the Claims Court properly concluded that there was no reasonable basis for Mr. Simmons's claim, we affirm.

I

Mr. Simmons first contacted counsel in August 2011, claiming that he developed Guillain-Barre Syndrome ("GBS") as a result of his October 26, 2010 flu vaccination. He provided his vaccination record to counsel and counsel agreed to represent him. After the August conversation, counsel was unable to contact Mr. Simmons despite making several attempts. In light of Mr. Simmons's failure to respond, counsel sent Mr. Simmons a letter in March 2013 notifying him that their attorney-client relationship had been terminated. The termination letter was returned as undeliverable.

Then, on October 17, 2013, nearly two years after his previous communication and shortly before the three-year statute of limitations on his Vaccine Act claim might have expired, Mr. Simmons contacted counsel's firm and expressed that he would like to move forward with his petition. Counsel spoke with Mr. Simmons one additional

time on October 21, 2013. The next day, on October 22, 2013, counsel filed Mr. Simmons's petition for compensation. The petition did not include any medical records or other supporting evidence showing that Mr. Simmons had been diagnosed with GBS. In January 2014, the special master ordered counsel to produce Mr. Simmons's medical records. Counsel informed the special master that counsel had once again lost all contact with Mr. Simmons and that despite making numerous attempts, they were unable to acquire his medical records. The special master dismissed the case for failure to prosecute.

After the special master dismissed Mr. Simmons's petition, counsel filed two fee petitions seeking a total of $8,267.89 in fees and costs. The special master found that Mr. Simmons's petition had been filed in good faith and there was a reasonable basis for the claim. In particular, the special master noted that because there was no direct evidence of bad faith, counsel had satisfied the good faith requirement. Further, the special master found that counsel had satisfied the reasonable basis requirement because Mr. Simmons "provided Counsel with a vaccination receipt"; "after consulting with Petitioner, Counsel judged the claim potentially meritorious"; and "[w]hile that alone may not have provided a reasonable basis for filing a claim, Petitioner then disappeared for almost two years and reemerged less than ten days before the statute of limitations expired" at which point "[t]o not file a petition . . . would be tantamount to an ethical violation." *Simmons v. Sec'y of HHS*, 2016 WL 2621070, at *3 (Fed. Cl. Apr. 14, 2016) ("*Special Master's Decision*"). On this basis, the special master awarded the attorneys' fees. *Id.*

The government appealed the special master's decision to the Claims Court. On review, the court reversed the special master's decision, concluding that the special master erred in finding that counsel had a reasonable basis for Mr. Simmons's claim. *Claims Court Decision*, 128 Fed. Cl. at 583. In particular, the Claims Court noted

that "[c]ounsel failed to produce any evidence, either at the time the petition was filed or in the five months before the special master dismissed the case for failure to prosecute, to support the claim that petitioner suffered from GBS caused by his flu vaccine." *Id.* Further, the Claims Court held that "[t]he fact that the statute of limitations was about to expire did not excuse counsel's obligation to show he had some basis for the claim beyond his conversation with the petitioner." *Id.* at 584.

On appeal to this court, Mr. Simmons's counsel argues that the special master did not abuse her discretion in awarding attorneys' fees and that we should affirm her award. The government, on the other hand, argues that the special master's rationale improperly conflated the subjective good faith analysis with the objective reasonable-basis inquiry. We have jurisdiction under 42 U.S.C. § 300aa–12(f). Because we agree with the government that the special master conducted an improper reasonable-basis inquiry, we affirm the Claims Court's decision.

## II

### A

Under the Vaccine Act, an unsuccessful petitioner may be awarded attorneys' fees "if the special master or court determines that the petition was brought in good faith and *there was a reasonable basis for the claim* for which the petition was brought." 42 U.S.C. § 300aa–15(e)(1) (emphasis added). As the Claims Court has previously noted, "good faith and reasonable basis" are "two distinct facets." *Chuisano v. United States*, 116 Fed. Cl. 276, 289 (2014). And "only 'good faith' is subjective; 'reasonable basis' is objective." *Id.*

In cases brought under the Vaccine Act, we review a decision of the special master to determine if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Rodriguez v. Sec'y of HHS*, 632

F.3d 1381, 1383–84 (Fed. Cir. 2011) (citing *Avera v. Sec'y of HHS*, 515 F.3d 1343, 1347 (Fed. Cir. 2008)). "An abuse of discretion may be found when (1) the court's decision is clearly unreasonable, arbitrary, or fanciful; (2) the decision is based on an erroneous conclusion of the law; (3) the court's findings are clearly erroneous; or (4) the record contains no evidence upon which the court rationally could have based its decision." *Hendler v. United States*, 952 F.2d 1364, 1380 (Fed. Cir. 1991). "'Not in accordance with the law' refers to the application of the wrong legal standard, and the application of the law is reviewed *de novo*." *Rodriguez*, 632 F.3d at 1384 (citing *Markovich v. Sec'y of HHS,* 477 F.3d 1353, 1356 (Fed. Cir. 2007)).

## B

In her attorneys' fees decision, the special master concluded that Mr. Simmons could receive attorneys' fees because the "Petitioner had a reasonable basis for submitting his petition." *Special Master's Decision*, 2016 WL 2621070, at *3. In particular, she noted that while the evidence of Mr. Simmons's claim "alone may not have provided a reasonable basis for filing a claim," the fact that "Petitioner then disappeared for almost two years and reemerged less than ten days before the statute of limitations expired" factored heavily into her analysis. *Id.* According to the special master, counsel had a reasonable basis for filing Mr. Simmons's petition because "[t]o not file a petition at that point . . . would be tantamount to an ethical violation." *Id.*

The government argues that this analysis is improper because "by considering [the] attorney's conduct as part of the reasonable basis assessment, [the special master] folded the subjective good faith provision into the reasonable basis requirement, and effectively either rendered the 'good faith' language [in § 300aa–15(e)(1)] superfluous, or the 'reasonable basis' language meaningless."

Appellee Br. 28.  According to the government, "a looming statute of limitations may excuse an attorney's ethical duty to investigate a claim prior to filing a Vaccine Act petition, but that does not create a reasonable basis for the claim in the petition." *Id.* at 37.

We agree with the government's argument.  The Vaccine Act provides that there must be a "reasonable basis *for the claim* for which the petition was brought" before the special master may exercise her discretion in awarding attorneys' fees.  42 U.S.C. § 300aa–15(e)(1) (emphasis added).  Whether there is a looming statute of limitations deadline, however, has no bearing on whether there is a reasonable factual basis "for the claim" raised in the petition.  That is an objective inquiry unrelated to counsel's conduct.  Although an impending statute of limitations deadline may relate to whether "the petition was brought in good faith" by counsel, the deadline does not provide a reasonable basis for the merits of the petitioner's claim. *Id.*

Mr. Simmons's counsel argues that the government's position is inconsistent with our decisions in *Cloer v. Secretary of HHS*, 654 F.3d 1322, 1325 (Fed. Cir. 2011) (en banc) ("*Cloer I*") and *Cloer v. Secretary of HHS*, 675 F.3d 1358, 1362 (Fed. Cir. 2012) (en banc) ("*Cloer II*").  Reply Br. 8–9.  In *Cloer I*, we addressed Dr. Cloer's petition for compensation under the Vaccine Act and in *Cloer II*, we addressed her motion for attorneys' fees.  We held in *Cloer I* that the Vaccine Act's statute of limitations is not jurisdictional and that some claims brought under the Vaccine Act are subject to equitable tolling. 654 F.3d at 1344.  In *Cloer II*, we held that because the statute of limitations is not jurisdictional, a petitioner may receive attorneys' fees even for an untimely petition so long as "the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."  675 F.3d at 1360.  In this context, we explained that this "statute of limitations issue," i.e.,

whether a petitioner can receive attorneys' fees despite filing a petition after the statute of limitations has expired, may be encompassed within the reasonable basis inquiry, along with "the underlying merits of the claim." *Id.* at 1362. We therefore held that "[a] petitioner who asserts an unsuccessful but nonfrivolous limitations claim should be eligible for a determination of whether reasonable attorneys' fees and costs . . . should be awarded." *Id.* at 1364.

Unlike in *Cloer II*, the issue here is not whether counsel had a reasonable basis for Mr. Simmons's claim despite the expiration of the statute of limitations. Instead, the issue here is whether counsel may establish a reasonable basis for the merits of Mr. Simmons's claim based on the fact that there was an impending statute of limitations deadline. We conclude that counsel may not use this impending statute of limitations deadline to establish a reasonable basis for Mr. Simmons's claim. Because the special master only found that there was a reasonable basis for Mr. Simmons's claim because of the impending statute of limitations deadline, we conclude that she abused her discretion by misapplying the law. Accordingly, we affirm the Claims Court's decision.

## AFFIRMED