# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 17-1027V
(Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
CYNTHIA HACKNEY,                      *          Special Master Corcoran
                                      *
                                      *          Filed: April 8, 2019
                  Petitioner,         *
        v.                            *          Attorney's Fees and Costs;
                                      *          Dismissal of Petition; Reasonable
SECRETARY OF HEALTH                   *          Basis
AND HUMAN SERVICES,                   *
                                      *
                  Respondent.         *
                                      *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Mark T. Sadaka*, Mark T. Sadaka, LLC, Englewood, NJ for Petitioner.

*Justine E. Walters*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

## DECISION DENYING ATTORNEY'S FEES AND COSTS AWARD[1]

On July 31, 2017, Cynthia Hackney filed a petition seeking compensation under the National Vaccine Injury Compensation Program,[2] alleging that the influenza ("flu") vaccine she received on September 14, 2014, caused her to suffer from chronic inflammatory demyelinating polyneuropathy ("CIDP"), or in the alternative, a significant aggravation of her pre-existing CIDP. *See* Petition ("Pet.") (ECF No. 1) at 1.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

The Petition was not accompanied by the filing of any medical records (including proof of vaccination), but records were filed within two days thereafter, with more documentary materials filed from September 2017 to January 2018. *See* ECF Nos. 6-7, 9-10, & 15-16. After participating in a status conference in February 2018 discussing the claim's viability, however, Petitioner moved to voluntarily dismiss her claim, based upon her assessment that she would be unable to prove entitlement to compensation in this case based on an investigation of the medical facts and science, and I granted the motion by Order dated May 21, 2018 (ECF No. 25).

Petitioner has now moved for a final award of attorney's fees and costs. *See* Motion for Attorney's Fees and Costs, dated December 18, 2018 (ECF No. 29) ("Fees Mot."). Petitioner requests a total award of $16,497.34, reflecting $14,625.62 in attorney's fees (billed between May 8, 2015, and July 3, 2018) plus $1,871.73 in costs. Fees Mot. at 5; Ex. A to Fees Mot. at 16-18 (ECF No. 29-1) (attorney invoices); Ex. B to Fees Mot. (ECF No. 29-2) (cost invoices).[3] In addressing anticipated reasonable basis objections to the fees request, counsel notes that Petitioner was "insistent" that she had received the flu vaccine in September 2014 (although the motion offers no objective corroboration for this assertion), rendering reasonable her allegations (corroborated by the record) that her CIDP flared up thereafter. Fees Mot. at 1-2. The motion goes on to explain that due to the complex nature of Petitioner's medical condition, investigation of her circumstances was difficult, and that medical care providers also resisted turning over documents. *Id.* at 2. In Petitioner's view, the above, coupled with the time it took to investigate the claim, support a finding of objective reasonable basis. *Id.* at 4-5.

Respondent has objected on reasonable basis grounds to the propriety of a fees award. *See* Opposition, dated February 25, 2019 (ECF No. 30) ("Opp."). Respondent maintains that Petitioner never established with objective record proof that she in fact received the flu vaccine in September 2014 as alleged. *Id.* at 2. He also argues that although the record confirms that Ms. Hackney suffered from CIDP for many years before the vaccination at issue, Petitioner's allegedly vaccine-caused flare-up of CIDP symptoms happened four to five months post-vaccination (and hence likely too long after to be deemed to have aggravated her underlying condition). *Id.* at 2-3.

In response, Petitioner filed a reply in support of her fees request on February 28, 2019 (ECF No. 32) ("Reply"). It cites no additional evidence to establish the fact of vaccine administration (although it claims without substantiation that certain medical records referenced it), and emphasizes counsel's performance of his ethical duty in representing Petitioner as long as possible until it was undeniable that the claim could not be maintained. *Id.* at 1. The Reply otherwise reiterates the fact of Petitioner's illness, and the feasibility of a claim that a vaccine could have aggravated an existing case of CIDP. *Id.* at 2.

---

[3] Petitioner did not personally incur any costs related to this matter. *See* General Order No. 9 Statement (ECF No. 31).

**ANALYSIS**

I have in many cases discussed the legal standard for assessing whether an unsuccessful Vaccine Act claim possessed sufficient reasonable basis for a fees award. *See, e.g.*, *Allicock v. Sec'y of Health & Human Servs.*, No. 15-485V, 2016 WL 3571906, at *4-5 (Fed. Cl. Spec. Mstr. May 26, 2016), *aff'd on other grounds*, 128 Fed. Cl. 724 (2016); *Gonzalez v. Sec'y of Health & Human Servs.*, No. 14-1072V, 2015 WL 10435023, at *5-6 (Fed. Cl. Spec. Mstr. Nov. 10, 2015). A petitioner can receive a fees award even if her claim fails, but to do so she must demonstrate the claim's reasonable basis, or feasibility, through some objective evidentiary showing and in light of the "totality of the circumstances." *See Chuisano v. Sec'y of Health & Human Servs.*, 116 Fed. Cl. 276, 286 (2014) (citing *McKellar v. Sec'y of Health & Human Servs.*, 101 Fed. Cl. 303, 303 (2011)). Although the nature and extent of an attorney's investigation into the claim's underpinnings, both before and after filing, has some bearing on the analysis, reasonable basis is ultimately established by demonstrating the existence of objective proof for the claim, as the Federal Circuit has emphasized. *Simmons v. Sec'y of Health & Human Servs.*, 875 F.3d 632, 636 (Fed. Cir. 2017); *Cortez v. Sec'y of Health & Human Servs.*, No. 09-176V, 2014 WL 1604002, at *6 (Fed. Cl. Spec. Mstr. Mar. 26, 2014). In addition, *Simmons* unquestionably stands for the proposition that the need to file a case just before the Act's limitations period expires does not constitute such objective proof. *Simmons,* 875 F.3d at 636.

Here, I find that the matter lacked reasonable basis, and therefore no fees award is appropriate. The linchpin of my determination is the lack of proof of vaccination, a fundamental element of any Vaccine Program claim. *See* Section 11(c)(1) (setting forth necessary contents for a petition, which include establishing proof of vaccination). Without such evidence, a vaccine injury claim cannot proceed. In some instances it can be established indirectly, with circumstantial evidence, and I have thus in other cases found that a particular vaccine was administered on the basis of such an indirect showing. *See, e.g.*, *Smith v. Sec'y of Health & Human Servs.*, No. 14-982V, 2017 WL 2927419, at *2-3 (Fed. Cl. Spec. Mstr. June 2, 2017) (proof of vaccination, in the absence of contemporaneous medical records, established via sworn testimony of petitioner and her co-worker, and email correspondence confirming work place administered vaccines to employees along with lot number used that year); *Gambo v. Sec'y of Health & Human Servs.*, No. 13-691V, slip op. (Fed. Cl. Spec. Mstr. Dec. 18, 2014). But Petitioner in the present matter has offered *no* such evidence in arguing for the claim's reasonable basis herein.[4]

The failure to establish fact of vaccination is amplified by the case's procedural history. Here, counsel first communicated with Ms. Hackney in *May 2015* – more than two years before

---

[4] At most, Petitioner's fees motion seems to suggest that there are some medical records that might have indirectly corroborated the fact of vaccination in this case. *See, e.g.*, Reply at 2. But nowhere in the fees motion does she ever go to the effort of identifying these materials – and she has had more than enough time to do so.

the action was filed, and thus providing Petitioner ample time to establish critical components of her case such as proof of vaccination. Vaccine Program attorneys are obligated to conduct a reasonable pre-filing investigation like any lawyer. *See, e.g.*, *Allicock*, 2016 WL 3571906, at \*4; *Turner v. Sec'y of Health & Human Servs.*, No. 99-544V, 2007 WL 4410030, at \*7 (Fed. Cl. Spec. Mstr. Nov. 30, 2007) ("[a] reasonable pre-filing inquiry involves an investigation of the factual basis for a Program claim or the medical support for a vaccine petition"). When they do not do so, they cannot expect a fees award. *See, e.g.*, *Livingston v. Sec'y of Health & Human Servs.*, No. 12-268V, 2015 WL 4397705 (Fed. Cl. Spec. Mstr. June 26, 2015) (finding "because of the clear absence of proof of vaccination from the case's outset, reasonable basis . . . was lacking"); *Cortez*, 2014 WL 1604002, at \*7-9 (denying over $50,000.00 in fees and costs on reasonable basis grounds where counsel failed to establish proof of vaccination).

It gives me no satisfaction to deny fees to counsel in this case. Petitioner correctly observes that, as a general matter, a claim that a vaccine might significantly aggravate an underlying illness like CIDP is one that has some facial viability.[5] But something as elemental to a Vaccine Act claim as proof of vaccination must be established right away (or if it cannot be, must be addressed in other respects). Counsel must bear the consequences for failing to address this issue after having two years to act.

Accordingly, Petitioner's Motion for Attorney's Fees and Costs is hereby DENIED. The Clerk shall enter judgment accordingly.


**IT IS SO ORDERED.**


/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[5] My determination herein to deny fees on reasonable basis grounds does not, however, turn on Respondent's argument about the timeliness of onset of Petitioner's alleged relapse. There is objective evidence in the record establishing some flare-up of her symptoms months after the alleged vaccination date. Whether that flare-up occurred in a medically reasonable timeframe is a reasonably disputed question that does not bear on the claim's initial feasibility.