NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HOUSTON BYRD, JR.,**
*Petitioner-Appellant*

**v.**

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
*Respondent-Appellee*

---

2019-1729

---

Appeal from the United States Court of Federal Claims in No. 1:17-vv-00900-CFL, Senior Judge Charles F. Lettow.

---

Decided: July 10, 2019

---

HOUSTON BYRD, JR., Newark, OH, pro se.

MALLORI BROWNE OPENCHOWSKI, Vaccine/Torts Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOSEPH H. HUNT, C. SALVATORE D'ALESSIO, CATHARINE E. REEVES.

---

Before NEWMAN, SCHALL, and CHEN, *Circuit Judges.*

PER CURIAM.

## DECISION

Houston Byrd, Jr., appeals the February 7, 2019 decision of the United States Court of Federal Claims in *Byrd v. Secretary of Health & Human Services*, 142 Fed. Cl. 79 ("*Byrd II*"). In that decision, the Court of Federal Claims denied Mr. Byrd's motion for review of, and also affirmed, the November 29, 2018 decision of the chief special master that dismissed Mr. Byrd's petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, as amended ("Vaccine Act"). *See Byrd v. Sec'y of Health & Human Servs.*, 2018 WL 6918820 ("*Byrd I*"). We *affirm*.

## DISCUSSION

## I.

Under the Vaccine Act, a petitioner seeking compensation may prove causation in one of two ways, depending upon whether the case involves a "Table injury" or an "off-Table injury." *See Moberly v. Sec'y of Health & Human Servs.*, 592 F.3d 1315, 1321 (Fed. Cir. 2010). If the administered vaccine and injury are listed in the Vaccine Injury Table, and the injury manifests itself within the specified time period, a petitioner receives a presumption of a causal link between the vaccination and the injury. *See de Bazan v. Sec'y of Health & Human Servs.*, 539 F.3d 1347, 1351 (Fed. Cir. 2008); *see also* 42 U.S.C. § 300aa-11(c)(1)(C)(i) (not requiring a showing of causation for a Table injury). However, for an injury not listed in the Table, or for an injury which does not occur within the specified time period, a petitioner seeking compensation must prove causation in fact. *See de Bazan*, 539 F.3d at 1351; *see also* 42 U.S.C. § 300aa-11(c)(1)(C)(ii) (requiring a showing of causation for an off-Table injury). This appeal involves an off-Table injury.

A petitioner asserting an off-Table injury must file an affidavit and supporting documentation demonstrating that the vaccine-related injury for which compensation is sought was caused by a vaccine. *Cloer v. Sec'y of Health & Human Servs.*, 654 F.3d 1322, 1331 (Fed. Cir. 2011) (en banc). Causation must be proved by a preponderance of the evidence. *See* 42 U.S.C. § 300aa-13(a)(1) ("Compensation shall be awarded . . . to a petitioner if the special master or court finds . . . (A) that the petitioner has demonstrated by a preponderance of the evidence the matters required in the petition."). When a petitioner claims to have suffered an off-Table injury, we apply the test for causation in fact outlined in *Althen v. Secretary of Health & Human Services*, 418 F.3d 1274 (Fed. Cir. 2005):

> [The petitioner's] burden is to show by preponderant evidence that the vaccination brought about [his or] her injury by providing: (1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury.

418 F.3d at 1278.

## II.

On July 3, 2017, Mr. Byrd, acting *pro se*, filed a petition for vaccine compensation. In his petition, he alleged that the influenza and pneumococcal polysaccharide vaccines that he received on October 1, 2015, caused him to suffer headaches, stomachaches, elevated blood sugar levels, and weight loss. *Byrd I*, 2018 WL 6918820, at *1.

On March 30, 2018, the Secretary of Health and Human Services ("Secretary") filed the report required by Rule 4(c) of the Court of Federal Claims Vaccine Rules. In his report, in which he recommended against compensation, the Secretary maintained that Mr. Byrd had failed to

establish that his alleged injuries lasted for at least six months, as required by the Vaccine Act. *See* 42 U.S.C. § 300aa-11(c)(1)(D)(i). The Secretary also maintained that, even if the six-month requirement had been met, Mr. Byrd still failed to satisfy any of the *Althen* requirements. *Byrd I*, 2018 WL 6918820, at *1.

On June 28, 2018, the chief special master issued an Order ("June 28 Order"), providing preliminary findings of fact on the merits of Mr. Byrd's claim. App. 13. As a "threshold matter," the chief special master found that Mr. Byrd had not established that he suffered from his alleged injuries for at least six months, as none of his complaints were documented in recent medical records. App. 15. In addition, turning to *Althen*, the chief special master found that Mr. Byrd had "established no causal link between the asserted injuries and his flu vaccination." *Id.* The chief special master stated:

> Nowhere in petitioner's medical records or other filings does a medical expert articulate a theory causally connecting the vaccines to his injuries, as required by *Althen* Prong One. Likewise, petitioner describes no logical sequence of cause and effect, as required by *Althen* Prong Two, nor does he demonstrate a proximate temporal relationship between the vaccine and his injuries as required by *Althen* Prong Three.

*Id.* The chief special master provided Mr. Byrd sixty days "to obtain an expert report from a reputable, qualified medical doctor and to file all medical records needed to evaluate his claim." App. 15–16. In addition, she informed Mr. Byrd that failure to comply with these requirements would result in "an order to show cause why this case should not be dismissed." App. 16.

Mr. Byrd did not file an expert report or otherwise respond to the June 28 Order. Accordingly, on September 6, 2018, the chief special master issued an order to show

cause, giving Mr. Byrd until November 5, 2018, to file the materials required by the June 28 Order. App. 95–96. In her order, she warned Mr. Byrd that failure to provide the required medical records and expert report "will be interpreted as an inability to provide supporting documentation for this claim, constituting a failure to prosecute, and the case will be dismissed with prejudice." App. 96.

On November 29, 2018, after Mr. Byrd still had failed to provide the materials required by the June 28 Order and the order to show cause, the chief special master dismissed Mr. Byrd's petition for insufficient proof and failure to prosecute. *Byrd I*, 2018 WL 6918820, at *2. Explaining her ruling, the chief special master stated:

> The undersigned has allowed petitioner over a year in which to file all necessary medical records, and she has given petitioner a number of opportunities to participate in status conferences. Under Vaccine Rule 21(b)(1), petitioner's repeated failure to follow Court orders is ample grounds for dismissal. Moreover, the scant medical records that were filed in the case fail to satisfy the causation criteria established in *Althen*, and petitioner has not retained a medical doctor to opine as to causation in his case.

*Id.*

Mr. Byrd timely moved for review of the chief special master's decision. As noted, on February 7, 2019, the Court of Federal Claims denied the motion and affirmed the chief special master's decision. After reviewing the procedural history of the case and detailing the repeated opportunities the chief special master had afforded Mr. Byrd to comply with her orders, the court determined that Mr. Byrd had failed to demonstrate that the chief special master's dismissal of his petition for failure to prosecute was an abuse of discretion. *Byrd II*, 142 Fed. Cl. at 84, 86–87. Addressing the merits of Mr. Byrd's claim, the court stated that, "absent medical records pre-dating the vaccination, records

of his injuries," and records "that his injuries lasted at least six months, the chief special master was obliged to dismiss" the petition. *Id.* at 85. Mr. Byrd now appeals. We have jurisdiction pursuant to 42 U.S.C. § 300aa-12(f).

## III.

We review de novo decisions of the Court of Federal Claims arising under the Vaccine Act, applying the same standard as the Court of Federal Claims applied in its review of the special master's decision. *Porter v. Sec'y of Health & Human Servs.*, 663 F.3d 1242, 1248–49 (Fed. Cir. 2011). We owe no deference to the Court of Federal Claims or the special master on questions of law. *Andreu v. Sec'y of Health & Human Servs.*, 569 F.3d 1367, 1373 (Fed. Cir. 2009). At the same time, we uphold the special master's findings of fact unless they are arbitrary or capricious. *Porter*, 663 F.3d at 1249 (citing *Broekelschen v. Sec'y of Health & Human Servs.*, 618 F.3d 1339, 1345 (Fed. Cir. 2010)). "Thus, although we are reviewing as a matter of law the decision of the [Court of Federal Claims] under a non-deferential standard, we are in effect reviewing the decision of the special master under the deferential arbitrary and capricious standard on factual issues." *Lombardi v. Sec'y of Health & Human Servs.*, 656 F.3d 1343, 1350 (Fed. Cir. 2011) (quoting *Lampe v. Sec'y of Health & Human Servs.*, 219 F.3d 1357, 1369 (Fed. Cir. 2000)).

A dismissal for failure to prosecute is reviewed under the abuse of discretion standard. *See Claude E. Atkins Enters., Inc. v. United States*, 899 F.2d 1180, 1183 (Fed. Cir. 1990). "An abuse of discretion may be found when (1) the court's decision is clearly unreasonable, arbitrary, or fanciful; (2) the decision is based on an erroneous conclusion of the law; (3) the court's findings are clearly erroneous; or (4) the record contains no evidence upon which the court rationally could have based its decision." *Simmons v. Sec'y of Health & Human Servs.*, 875 F.3d 632, 635 (Fed. Cir.

2017) (quoting *Hendler v. United States*, 952 F.2d 1364, 1380 (Fed. Cir. 1991)).

IV.

In his informal brief, Mr. Byrd answers "Yes" to the question whether the trial court incorrectly decided or failed to take into account any facts. He also answers "Yes" to the question whether the trial court applied the wrong law.

As seen, the chief special master dismissed Mr. Byrd's petition for insufficient proof and for failure to prosecute. Mr. Byrd, however, fails to point to any erroneous fact findings by the chief special master relating to those rulings. He also fails to point to any legal errors by the chief special master relating to those rulings.

First, the chief special master did not abuse her discretion in dismissing Mr. Byrd's petition for failure to prosecute. Vaccine Rule 21(b) provides that a special master "may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master." Vaccine Rules of the U.S. Court of Federal Claims, Rules of Ct. of Fed. Claims App. B., R. 21(b); *see also Simanski v. Sec'y of Health & Human Servs.*, 671 F.3d 1368, 1380–81 (Fed. Cir. 2012). The procedural history of this case, which we have recited at some length above, makes it clear that the chief special master (1) gave Mr. Byrd every opportunity and more than enough time to file the evidence necessary to establish his claim; and (2) warned him that his failure to provide the required material would result in the dismissal of his petition.

Second, the chief special master applied the correct law to her analysis of Mr. Byrd's claim. As noted above, Mr. Byrd was required to show that he had suffered the residual effects or complications of his claimed vaccine injury for more than six months. He also was required to satisfy the requirements of *Althen*. Rather than addressing the six-

month requirement, Mr. Byrd appears to argue for the first time that he satisfied the alternative requirement under 42 U.S.C. § 300aa-11(c)(1)(D)(iii) of having "suffered such illness disability, injury, or condition from the vaccine which resulted in inpatient hospitalization or surgery." Appellant's Informal Br. at 8; *see also Byrd II*, 142 Fed. Cl. at 85 & n.10 ("Mr. Byrd also never claimed, nor provided evidence to support, inpatient hospitalization or surgery."). We need not reach this argument, however, because Mr. Byrd was also required to satisfy the requirements of *Althen*. The chief special master thoroughly reviewed the record and correctly determined that he had failed to do so.

We have considered the additional arguments that Mr. Byrd makes on appeal and have found them to be without merit.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the Court of Federal Claims denying Mr. Byrd's motion for review of the decision of the chief special master and affirming the decision of the chief special master.

**AFFIRMED**

## COSTS

Each party shall bear its own costs.