# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-1099V

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| | \* | |
| STEPHEN PEKA, | \* | Chief Special Master Corcoran |
| | \* | |
| Petitioner, | \* | Filed: December 20, 2023 |
| | \* | |
| v. | \* | |
| | \* | |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*David John Carney*, Green & Schafle LLC, Philadelphia, PA, for Petitioner.

*Zoe Wade*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING IN PART INTERM AWARD OF ATTORNEY'S FEES AND COSTS[1]

On August 28, 2020, Stephen Peka filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petition (ECF No.1). Petitioner alleged that an influenza vaccine administered on October 9, 2018, caused him to develop a shoulder injury related to vaccine administration ("SIRVA"). The matter went to trial on June 21, 2023, and a final resolution of the claim remains pending.

Petitioner previously requested an interim award of attorney's fees and costs in August 2023, and was granted $141,926.17—with a costs award (in particular, those associated with Petitioner's expert) deferred until additional substantiating documentation was provided. Decision—Interim Attorney's Fees and Costs, dated Sept. 5, 2023 (ECF No. 58). Thereafter,

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner filed a Motion for Reconsideration, identifying from the record existing evidence bearing on the aspects of the requested costs in dispute, and on September 13, 2023, I issued an order granting the motion and withdrawing my previously-issued fees decision. *See* Order, dated Sept. 13, 2023 (ECF No. 61).

Petitioner requests a total of $182,908.93 ($141,926.17 in attorney's fees, and $40,982.76 in costs) for the work of his attorneys, David Carney, Adam Green, and a law clerk and paralegal at Green & Schafle LLC, as well as his previous attorney, Kate Westad, and a paralegal at SiebenCarey, P.A., all incurred during the pendency of this matter. ECF No. 56 at 3–4. Work was first performed on the matter by Ms. Westad from August 14, 2019, to April 21, 2020, and Mr. Carney appeared for Petitioner thereafter, representing him to this day. Respondent reacted to the fees request on September 3, 2023. *See* Response, dated Sept. 3, 2023 (ECF No. 57). Respondent is satisfied that the statutory requirements for an attorney's fees and costs award are met in this case, but defers the calculation of the amount to be awarded to my discretion. *Id.* at 2–3.

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees and costs in the total amount of **$169,802.43** ($141,926.17 plus $27,876.26).

**ANALYSIS**

I.      **Petitioner's Claim has Reasonable Basis**

Although the Vaccine Act only guarantees a reasonable award of attorney's fees and costs to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brough in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought. Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or denied entirely. Cases that are unresolved and/or pending must be evaluated for reasonable basis, because the claim's success remains to be determined.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that inquiry.

bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

I find that Petitioner has made a sufficient showing of reasonable basis to justify an interim fees award. While the ultimate resolution of causation remains to be determined, Petitioner has put forward more than enough objective support for the claim. In addition, the other indicia I consider significant in interim award requests have been met. This matter has been pending for three years, many expert reports have been filed, the requested fees are substantial, and I generally find it appropriate to request an interim award after a hearing is held. And no other circumstances exist that make an interim award inappropriate.

## II.    Calculation of Fees

Determining the appropriate amount of a fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C.,

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorney, based on the years work was performed:

|  | **2019** | **2020** | **2021** | **2022** | **2023** |
|---|---|---|---|---|---|
| **David Carney (Attorney)** | -- | $350.00 | $375.00 | $400.00 | $425.00 |
| **Adam Green (Attorney)** | -- | $400.00 | $400.00 | $425.00 | $425.00 |
| **Law Clerk at Green & Schafle LLC** | -- | -- | $175.00 | $185.00 | -- |
| **Kate G. Westad (Attorney)** | $350.00 | $350.00 | -- | -- | -- |
| **Paralegal at Green & Schafle LLC** | $145.00 | $145.00 | $145.00 | $145.00 | $175.00 |
| **Paralegal at SiebenCarey, P.A.** | $125.00 | $125.00 | -- | -- | -- |

ECF No. 56 at 14–34, 108–09.

Ms. Westad (the sole attorney at SiebenCarey to work on this matter) practices in Minneapolis, Minnesota—a jurisdiction that has been deemed "in forum." Accordingly, she is entitled to the rates established in *McCulloch*, and thereafter embraced by the Office of Special Masters' fee schedule.[5] *See Dahl v. Sec'y of Health & Hum. Servs.*, No. 13-98V, 2018 WL 6818741, at *4–6 (Fed. Cl. Spec. Mstr. Nov. 30, 2018). Her specific rates are fair, and I also deem the time she devoted to the matter reasonable, and will therefore award it without adjustment.

The attorneys at Green & Schafle practice in Philadelphia, Pennsylvania—a jurisdiction that has also been considered "in forum," meaning they too should receive *McCulloch* rates. *See*

---

[5] OSM Attorneys' Forum Hourly Rate Fee Schedule, https://www.uscfc.uscourts.gov/node/2914 (last visited December 20, 2023).

*Hock v. Sec'y of Health & Hum. Servs.*, No. 17-168V, 2021 WL 1733520, at *2 (Fed. Cl. Spec. MStr. Apr. 8, 2021). The specific hourly rates requested for Messrs. Carney and Green plus their paralegals are also consistent with what has previously been awarded, in accordance with the Office of Special Masters' fee schedule. *Martinez v. Sec'y of Health & Hum. Servs.*, No. 16-738, 2022 WL 1210556, at *3 (Fed. Cl. Spec. Mstr. Mar. 29, 2022). I thus find no cause to reduce them in this instance. And the time devoted to the matter was reasonable. I will therefore award all fees requested for this set of counsel as well.

## III.    Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g., Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $40,982.76 in outstanding costs,[6] including the filing fee, medical record retrieval costs, mailing costs, travel expenses, plus costs associated with the work of one expert, Naveed Natanzi, DO. ECF No. 56 at 36–40. All litigation-associated costs are reasonable, and consistent with what claimants often incur, and will be awarded. But the expert costs requested merit more close consideration.

Dr. Natanzi testified at the June 2023 hearing and authored one expert report, billing a total of $32,729.50. ECF Nos. 56 at 59, 62; 60 at 3. He has submitted two invoices for time billed in 2022 and 2023. *See* ECF Nos. 56 at 59; 60 at 8. For work performed in 2022, Dr. Natanzi charged $520.00 per hour for 13.5 hours of work—presumably in connection with preparation of expert reports.[7] ECF No. 56 at 59. I find the time billed in 2022 to be reasonable in light of the case's progression, and will award it in full, at the rate requested.

For work performed in 2023, Dr. Natanzi submitted an invoice reflecting 10.5 hours of work—now billed at an hourly rate of $600.00, plus costs associated with testifying and travel. ECF No. 60 at 8. But several items require slight adjustment so as to be in accordance with what

---

[6] SiebenCarey, P.A. does not request any costs associated with its representation of Petitioner. ECF No. 56 at 4.

[7] I note that the outstanding balance reflected in this particular invoice is incorrect. Dr. Natanzi requests $7,804.50 for 13.5 hours of work. However, 13.5 hours x $520.00 = $7,020.00. Therefore, a reduction of $784.50 is required.

is routinely awarded in the Vaccine Program. First (and as explained to some degree in Petitioner's Motion for Reconsideration), Dr. Natanzi has requested a "day rate" for his time at the June 2023 hearing, requesting $14,400.00 for a day and a half. ECF No. 60 at 8. But the Vaccine Program does not pay experts for their time in this manner (and doing so would amount to greatly overpaying them). *See, e.g.*, *Zumwalt v. Sec'y of Health & Human Servs.*, No. 16-994V, 2018 WL 6975184, at *5 (Fed. Cl. Spec. Mstr. Nov. 27, 2018) (declining to award expert's requested "day rate" for hearing and travel days). Moreover, this expert cost request is contrary to Petitioner's initial fees request—in which he asked for compensation for nine hours of Dr. Natanzi's time at hearing, based on an hourly rate of $600.00.[8] I will only award Dr. Natanzi what he originally requested for his trial participation, meaning he shall receive $5,400.00. Similarly, Dr. Natanzi has requested an "outside Los Angeles appearance fee to West Coast" of $3,000.00. This costs sum shall be disallowed entirely.

In addition, Petitioner seeks travel time reimbursement amounts not typically permitted in the Program. It appears Dr. Natanzi flew business class from Los Angeles to San Francisco on June 20, 2023 (the day before the hearing), and then flew business class again from Oakland, CA to Los Angeles on June 21, 2023 (after the hearing's completion). ECF No. 56 at 64–65, 71. But numerous decisions have disallowed reimbursement of first-class/business-class airfare. *See Sharpe v. Sec'y of Health & Human Servs.*, No. 14-65V, 2018 WL 3990867, at *3 (Fed. Cl. Spec. Mstr. July 6, 2018); *Reichert v. Sec'y of Health & Human Servs.*, No. 16-697V, 2018 WL 3989429, at *4 (Fed. Cl. Spec. Mstr. June 20, 2018); *Tetlock v. Sec'y of Health & Human Servs.*, No. 10-56V, 2017 WL 5664257, at *6 (Fed. Cl. Spec. Mstr. Nov. 1, 2017). I will instead award Dr. Natanzi one-half of the sum paid for airfare (based on the general assumption that a lower fare was then available).[9] This results in a reduction of $322.00. Dr. Natanzi's other travel expenses (i.e., hotel accommodations and ground transportation) were reasonable.

Accordingly, Petitioner will receive $19,623.00 for costs associated with Dr. Natanzi's work on the matter, based on a total reduction of $13,106.50.

**CONCLUSION**

In the exercise of the discretion afforded to me in determining the propriety of interim fees and costs awards, I **GRANT IN PART** Petitioner's Motion for Interim Attorney's Fees and Costs, and award a total of **$169,802.43**, reflecting $141,926.17 in attorney's fees and $27,876.26 in attorney's costs, in the form of a check made jointly payable to Petitioner and his attorney, Mr.

---

[8] Although this rate is increased from 2022, I will in this case permit it.

[9] After conducting a brief search, nonstop flights from LAX to SFO through Southwest start as low as $84.00. https://mobile.southwest.com/air/booking/pricing/summary. Petitioner did not otherwise substantiate the requested airfare sum, by showing it was appropriately-incurred, and did not defend it either.

David Carney, who shall in turn apportion to previous counsel and her firm the fees awarded for her work.[10]

In the absence of a motion for review filed pursuant to RFCF Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[11]

**IT IS SO ORDERD.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[10] Specifically, Petitioner's counsel shall apportion to Ms. Westad $2,614.17 for work done at SiebenCarey.

[11] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.