# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-878V
(not to be published)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | Chief Special Master Corcoran |
| | * | |
| DOUGLAS KELLY, | * | |
| | * | Filed: July 27, 2022 |
| Petitioner, | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Renee J. Gentry*, Vaccine Injury Clinic, George Washington Univ. Law School, Washington, DC, for Petitioner.

*Lara A. Englund,* U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING ATTORNEY'S FEES AND COSTS[1]

On July 25, 2016, Douglas Kelly filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program"),[2] alleging that an influenza vaccine he received had aggravated an underlying condition, leading to unilateral sensorineural hearing loss ("SNHL").

---

[1] Although I have not formally designated this Decision for publication, it will nevertheless be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

The matter was reassigned to me in early 2021, after the special master formerly presiding over it determined that the claim could be best resolved via ruling on the record. I determined Petitioner had not met his burden in a Decision on October 18, 2021. ECF No. 66 ("Decision"). Petitioner filed a Motion for Review of my Decision on November 17, 2021 (ECF No. 68), but it was denied. Judge Vaccine Order/Opinion, dated Mar. 13, 2022 (ECF No. 71).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated July 12, 2022 (ECF No. 76) ("Final Fees Mot."). Petitioner requests a total of $96,624.07,[3] reflecting $68,094.15 in all fees incurred on this matter since its inception for the services of Ms. Renee Gentry and student-attorneys at the George Washington University Law School Vaccine Injury Litigation Clinic, plus $23,803.58 in litigation costs, with an additional $4,726.34 in costs incurred by Petitioner directly. Final Fees Mot. at 1–2. Respondent reacted to the final fees request on July 21, 2022. Response, dated July 21, 2022 (ECF No. 77) ("Response"). Respondent defers to the Court on whether the statutory requirements were met, and otherwise leaves the calculation of amounts to be awarded to my discretion. Response at 2–3.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$96,695.57**.

## ANALYSIS

## I.      Petitioner's Claim had Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[4] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020)

---

[3] Petitioner's motion inadvertently requested a total fees and costs award of $921,897.73, but the correct amount is $91,897.73.

[4] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

(citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

The standard for finding the existence of reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[5]

Petitioner's claim was ultimately unsuccessful despite appeal. However, I observed in my Decision that causation theories involving SNHL were not inherently or consistently baseless. Decision at 31–32. Moreover, the core factual elements of this claim were objectively-established, and Petitioner supported his claim with the opinion of a reputable expert. I thus find the claim possessed sufficient reasonable basis to satisfy this admittedly-minimal threshold for fees—and see no other reason for denying a fee award in this case.

## II.    Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method— "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in

---

[5] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorneys, based on the years work was performed:

| **Attorney** | **2015** | **2016** | **2017** | **2018** | **2019** | **2020** | **2021** | **2022** |
|---|---|---|---|---|---|---|---|---|
| **Ms. Renee Gentry** | $400.00 | $415.00 | $424.00 | - | $445.00 | $464.00 | $489.00 | $504.00 |
| **Mr. Clifford Shoemaker** | $415.00 | $430.00 | $440.00 | $450.00 | $460.00 | - | - | - |
| **Student-Attorneys** | - | - | - | $145.00 | $145.00 | $150.00 | $150.00 | $150.00 |

ECF No. 76-1 at 29–48.

Ms. Gentry's practice in Washington, DC—a jurisdiction that has been deemed "in forum." Accordingly, she should be paid forum rates as established in *McCulloch. See America v. Sec'y of Health & Hum. Servs.*, No. 17-542V, 2022 WL 2441325, at *3 (Fed. Cl. Spec. Mstr. June 7, 2022). The rates requested for Ms. Gentry, her associated counsel, and her student-attorneys are also consistent with what they have been previously awarded, and are in accordance with the Office of Special Masters' fee schedule.[6] *Dinh v. Sec'y of Health & Hum. Servs.*, No. 16-171V, 2022 WL 2117973, at *3 (Fed. Cl. Spec. Mstr. May 17, 2022); *Simkiss v. Sec'y of Health & Hum. Servs.*, No. 15-1127V, 2018 WL 1834197, at *2 (Fed Cl. Spec. Mstr. Feb. 22, 2018). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will

---

[6] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited July 25, 2022).

therefore award all fees requested (with only an upward adjustment to Ms. Gentry's 2019 hourly rate)[7] granting an additional $71.50, for a total of $68,165.65 in attorney's fees.

### III.    Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g., Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $23,803.58 in outstanding costs incurred by his attorneys, and $4,726.34 for costs he specifically incurred out-of-pocket. The litigation-related costs included fees from the Petitioner's expert, Dr. Carlo Tornatore, and medical record retrieval costs. ECF No. 76-1 at 49–52. Dr. Tornatore devoted 59.5 hours of work to the matter, at a $400.00 hourly rate. *Id.* at 49–50. These costs were all reasonable and will be awarded.

Petitioner's specific costs include the filing fee, an MRI that was required in the course of the litigation, plus a number of travel-related expenses. ECF No. 76-1 at 2–28. The filing fee is a common cost that is properly reimbursed, and the MRI does seem to have been necessary for the claim's resolution, meaning that cost should also be paid. I have some pause, however, regarding personal costs incurred by the Petitioner, which appear to reflect travel to Washington, D.C. to meet with counsel. As a general rule, a petitioner's travel for instances not related to a hearing or comparable proceeding should not be awarded (in contrast to travel necessary for counsel to visit a client). But it appears herein that efficiencies were obtained by having the Petitioner come to the location of counsel, rather than the more usual vice-versa arrangement.[8] And Respondent has not specifically objected to this element of the fees request. I will therefore permit recovery of these costs—but admonish counsel in the future to seek the approval of a special master in advance before allowing a petitioner to incur such costs.

---

[7] The only adjustment is actually to counsel's benefit. Petitioner's fee request used both rates of $440.00 and $445.00 per hour for Ms. Gentry in 2019. But because she has previously been awarded the higher amount for that year, I will apply it to those instances where she billed the lesser sum of $440.00 per hour.

[8] The fact that this case involved work by a number of student attorneys at the GW Law School Vaccine Injury Litigation Clinic may have something to do with the need for Petitioner to come to see his counsel.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety and award a total of **$96,695.57** reflecting $68,165.65 in attorney's fees, $23,803.58 in attorney's costs, and $4,726.34 in Petitioner's costs. This shall be split between two checks: the first in the form of a check made jointly payable to Petitioner and his attorney, Ms. Renee Gentry, in the amount of $91,969.23, and the second check shall be paid directly to Petitioner in the amount of $4,726.34.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[9]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[9] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.