# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-592V

* * * * * * * * * * * * * * * * * * * * * * * *
|  |  |  |
| --- | --- | --- |
| RICHARD WHITE, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: December 15, 2023 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

*Howard Gold*, Gold Law Firm, Wellesley, MA, for Petitioner.

*Alec Saxe*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING ATTORNEY'S FEES AND COSTS[1]

On April 25, 2018, Richard White filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that he suffered a demyelinating nerve injury as a result of his receipt of the influenza vaccine. A hearing was held in the case, and I denied entitlement. *See* Decision, dated August 4, 2023 (ECF No. 86). Petitioner appealed the determination, and my decision was affirmed. *See* ECF No. 95.

Petitioner has now filed a motion for an interim award of attorney's fees and costs. Motion, dated November 9, 2023 (ECF No. 93). Petitioner seeks $89,529.55 in attorney's fees and costs ($61,008.95 in fees plus $28,520.60 in costs) for the work of his attorney, Howard S. Gold, along with a paralegal. ECF No. 93 at 3. Respondent reacted to the fees request on November 24, 2023.

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

*See* Response, dated November 24, 2023 (ECF No. 94). Respondent defers to my discretion whether the statutory requirements for an award of attorneys' fees and costs are met in this case, and the calculation of the amount to be awarded. *Id.* at 2–4. Petitioner filed a Reply on November 30, 2023. *See* Reply, dated November 30, 2023 (ECF No. 97).

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$89,529.55**.

## ANALYSIS

### I.      Petitioner's Claim had Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

The standard for finding the existence of reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum.*

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

*Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g., Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Petitioner's claim was ultimately unsuccessful, but I find it possessed sufficient objective basis to justify a fees and costs award. Although I ultimately found that Petitioner had not established the CIS(M)P diagnosis his expert asserted was vaccine-caused, Petitioner did present some objective evidence from the record supporting his contentions. Thus (and in light of the low bar to a reasonable basis determination generally), I find that sufficient objective proof on this issue existed. Otherwise, there is no other basis for a denial of fees.[5]

## II. Attorney's Fees

Determining the appropriate *amount* of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot.*

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

[5] I also note that the motion for fees was termed "interim" – literally correct, since at the time of its filing a decision on the motion for review was still in the offing. It is also properly deemed interim to the extent Petitioner contemplates further appeal, the time for which has not yet run. Ordinarily, I only permit one interim fees award in a case, but it is also my practice to award fees after a hearing, and this appears to be the sole fees request to date. Accordingly, I am acting on it despite the fact that Petitioner may incur additional fees if further appeal is taken; if that occurs, I will hold a "final" fees decision for when the matter has been completely adjudicated.

*Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorney and related professionals, based on the years work was performed:

| | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 |
|---|---|---|---|---|---|---|---|
| **Howard S. Gold (Attorney)** | $380.00 | $390.00 | $400.00 | $410.00 | $422.00 | $434.00 | $447.00 |
| **Tave McGrath (Paralegal)** | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 |
| **Julianne Swiecizki (Paralegal)** | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 |

ECF No. 93 at 7-15.

Mr. Gold practices in Boston, MA—a jurisdiction that has been recognized as in forum, entitling him to commensurate rates established in *McCulloch*. *See Dezern v. Sec'y of Health & Hum. Servs.*, No. 13-643V, 2016 WL 6678496, at *4 (Fed. Cl. Spec. Mstr. Oct. 14, 2016). The rates requested for Mr. Gold and his paralegals for 2017-23 are also consistent with what has previously been awarded for their time, in accordance with the Office of Special Masters' fee schedule.[6] *See Parrish v. Sec'y of Health & Hum. Servs.*, No. 21-1149V, 2023 WL 4311233, at *2 (Fed. Cl. Spec. Mstr. June 2, 2023. I thus find no cause to reduce his rates in this instance. I also award the time devoted to the matter as requested, without any adjustment to hours.

## III.    Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at

---

[6] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited July 26, 2023).

*16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $28,520.60 in outstanding costs, including the court filing fee, medical record retrieval costs, hearing transcripts, and the services of two experts: Drs. Jeffrey Rumbaugh and Marcel Kinsbourne. ECF No. 93 at 6.

Dr. Kinsbourne appears to have been paid a retainer fee of $2,000.00. ECF No. 93 at 2. This is the only expense billed for him thus far, and it will be compensated for the work performed, since it resulted in two expert reports. ECF Nos. 37 and 54.

Dr. Rumbaugh had a retainer fee of $3,850.00. He performed substantial work for this case: authoring two expert reports, preparing for the hearing, and then testifying at it. ECF No. 93 at 46-47. He billed a total of $23,784.50 at a rate of $550.00 per hour. *Id.* The total amount for his services was reasonable for the work performed, and I do not find any reason to make any reductions. All other requested litigation-related costs in this matter $2,736.10 appear reasonable, and they shall also be awarded in full without reduction.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs, and award a total of **$89,529.55,** reflecting $61,008.95 in fees and $28,520.60 in costs in the form of a check made jointly payable to Petitioner and Petitioner's attorney, Howard S. Gold.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[7]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.