# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-1548V

* * * * * * * * * * * * * * * * * * * * * * * *
|     |
| :-- |

ALISEN HUGHES,                 Chief Special Master Corcoran

        Petitioner,          Filed: February 28, 2024

        v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

        Respondent.

* * * * * * * * * * * * * * * * * * * * * * * *

*Phyllis Widman*, Widman Law Firm, LLC, Linwood, NJ, for Petitioner.

*Sarah B. Rifkin*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING IN PART ATTORNEY'S FEES AND COSTS[1]

On November 9, 2021, Alisen Hughes filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that the measles-mumps-rubella ("MMR") vaccine she received on November 10, 2017, caused her to develop chronic arthritis and/or rheumatoid arthritis ("RA"), plus anxiety. Petition (ECF No. 1) at 1. I dismissed the claim after briefing, and that determination was not appealed. Decision, dated Nov. 7, 2023 (ECF No. 55).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated Nov. 22, 2023 (ECF No. 56) ("Final Fees Mot."). This is Petitioner's sole fees and costs request. Petitioner requests a total of $49,686.24 in attorney's fees and costs ($43,976.00 in fees,

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

plus $5,710.24 in costs) for the work of attorney, Ms. Phyllis Widman. Final Fees Mot. at 2–3. *Id.* Respondent reacted to the fees request on December 4, 2023. *See* Response, dated Dec. 4, 2023 (ECF No. 57). Respondent defers to my discretion as to whether the statutory requirements for an award of attorney's fees and costs are met in this case, and if so, the calculation of the amount to be awarded. *Id.* at 2–3. Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees and costs in the total amount of $46,434.24.

## ANALYSIS

### I. Petitioner's Claim had Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

The standard for finding the existence of reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g., Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Although Petitioner's claim was ultimately unsuccessful, I find that *bare* reasonable basis existed for this claim, and that there is no other reason to prohibit fees. There was some record evidence that Petitioner experienced a variety of symptoms after the relevant vaccination, and the medical opinion she obtained later in conjunction with this claim had some minimal support for it. Nevertheless—this kind of case (in which a claimant alleges a vaccine injury not only based on a treater view obtained long after vaccination, but also seeks to establish an arthritis-like vaccine reaction—even though that sort of claim more often than not is unsuccessful) is not one that attorneys should regularly try to bring, especially based on such a facially-thin record. Accordingly, current counsel is on notice that another comparable claim like this one will not be deemed to merit *any* fee award at all.

## II. Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bass the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot.*

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

*Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorney and support staff, based on the years work was performed:

|  | 2020 | 2021 | 2022 | 2023 |
|---|---|---|---|---|
| **Phyllis Widman (Attorney)** | $350.00 | $375.00 | $400.00 | $480.00 |

Final Fees Mot. at 15.

Ms. Widman practices in Northfield, New Jersey—a jurisdiction that has been deemed "in forum," and thus entitling her to rates commensurate with what was established in *McCulloch*. *See Maxwell v. Sec'y of Health & Hum. Servs.*, No. 16-827V, 2018 WL 5095119, at *2 (Fed. Cl. Spec. Mstr. Sept. 17, 2018). The rates requested for work performed through the end of 2022 are reasonable and consistent with prior determinations, and will therefore be adopted. Ms. Widman, however, was previously awarded the lesser rate of $420.00 per hour for time billed in 2023. *See Elder v. Sec'y of Health & Hum. Servs.*, No. 21-0028V, 2023 WL 4196770 (Fed. Cl. Spec. Mstr. May 26, 2023). Ms. Widman's requested rate for 2023 appears to reflect a mid-year rate increase of $60.00. Although the size of the proposed increases is not *per se* objectionable, it is not the practice of the OSM to afford mid-year rate increases to attorneys under any circumstances. Accordingly, I reduce Ms. Widman's rate to $420.00 per hour for her time billed in 2023, to be consistent with what has previously been awarded. This results in a reduction of attorney's fees to be awarded of **$3,252.00**.[5]

## III.    Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special

---

[5] This amount consists of ($480.00 - $420.00 = $60.00 x 54.2 hrs = $3,252.00).

masters have refrained from paying the cost at issue. *See, e.g., Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at \*4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $5,710.24 in outstanding costs, including the filing fee, medical record retrieval costs, mailing costs, and costs associated with rheumatologist, Dr. Arthur Brawer, who prepared three written reports in this matter and directly examined Petitioner. Final Fees Mot. at 2–3. Such costs are typical in the Vaccine Program and are thus eligible for reimbursement, and I do not find any of the amounts at issue questionable. I also find Dr. Brawer's time spent on the matter reasonable, and I do not find any reason to make any reductions. Thus, they shall be awarded in full without reduction.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT IN PART** Petitioner's Motion for Attorney's Fees and Costs, and award a total of $46,434.24, reflecting $40,724.00 in attorney's fees and $5,710.24 in costs, in the form of a check made jointly payable to Petitioner and her counsel, Ms. Phyllis Widman.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision. [6]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.