# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 23-420V

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| CORTNEY BALL, *also known as* CORTNEY LESTER, | Chief Special Master Corcoran |
| Petitioner, | Filed: July 9, 2025 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES | |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Phyllis Widman*, Widman Law Firm, LLC, Linwood, NJ, for Petitioner.

*Alexis B. Babcock*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION DENYING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On March 27, 2023, Cortney Ball filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petition (ECF No. 1). Petitioner alleged that she suffered Guillain Barré syndrome ("GBS"), Acute Inflammatory Demyelinating Polyneuropathy ("AIDP"), and anxiety after receiving the Tetanus, Diphtheria and Acellular Pertussis ("Tdap") vaccine on March 24, 2020. *Id.* at 1. On November 26, 2024, Petitioner filed a Motion for a Decision Dismissing Petition. *See* Motion, dated Nov. 26, 2024 (ECF No. 39). Thereafter, I issued an order dismissing Petitioner's case pursuant to Vaccine Rule 21(a) on December 4, 2024. *See* Order Concluding Proceedings, dated Dec. 4, 2024 (ECF No. 40).

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction" of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medial files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated Apr. 18, 2025 (ECF No. 43) ("Final Fees Mot.").[3] This is Petitioner's sole fees and costs request. Petitioner requests a total of $21,951.26 in attorney's fees and costs (reflecting $20,888.50 in fees, plus $1,062.76 in costs, personally paid by Petitioner) for the work of attorney Phyllis Widman. Final Fees Mot. at 2–3. Respondent has challenged the Petition's reasonable basis. Respondent's Opposition to Petitioner's Request for Fees and Costs, dated Apr. 30, 2025 (ECF No. 45) ("Opp."). Petitioner responded to the opposition on May 7, 2025. Petitioner's Reply Brief to Respondent's Response to Petitioner Motion for Fees and Costs, dated May 7, 2025 (ECF No. 42) ("Reply").

As explained below, because Petitioner has failed to establish there was a reasonable basis for her claim, she is not entitled to an award of attorney's fees and costs.

## I.  Reasonable Basis

### A.  Legal Standard

Motivated by a desire to ensure that petitioners have adequate assistance from counsel when pursuing their claims, Congress determined that fees and costs may be awarded even in unsuccessful claims. H.R. REP. NO. 99-908, at 22 *reprinted in* 1986 U.S.C.C.A.N. 6344; *see also Sebelius v. Cloer*, 133 S.Ct.1886, 1895 (2013) (discussing this goal when determining that attorney's fees and costs may be awarded even when the petition was untimely filed). This is consistent with the fact that "the Vaccine Program employs a liberal fee-shifting scheme." *Davis v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 627, 634 (2012). It may be the only federal fee-shifting statute that permits *unsuccessful* litigants to recover fees and costs.

However, Congress did not intend that fees be reimbursed for every losing petition. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994). Thus, there is a prerequisite to even obtaining fees in an unsuccessful case. The special master or court may award attorney's fees and costs in a case in which compensation was not awarded only if "the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). And meeting this standard does not guarantee a fee award, since special masters are still empowered by the Act *to limit or deny fees entirely* to unsuccessful litigants even where reasonable basis for the claim is demonstrated. *James-Cornelius on behalf of E.J. v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1379 (Fed. Cir. 2021) ("even when these two requirements are satisfied, a special master retains discretion to grant or deny attorneys' fees").

---

[3] Petitioner has clarified that this motion, originally filed as a motion for "interim fees and costs," is actually her "final request for fees and costs." Petitioner's Reply, dated May 7, 2025 (ECF No. 42).

As the Federal Circuit has explained, special masters are to apply a two-prong test prior to awarding fees in an unsuccessful case. First, there is a subjective inquiry, in which it is assessed whether the petition was brought in good faith, followed by an objective inquiry, when the claim's reasonable basis is evaluated. *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017) (quoting *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 689 (2014)). "Good faith is a subjective test, satisfied through subjective evidence." *Cottingham v. Sec'y of Health &Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020). "[T]he 'good faith' requirement … focuses upon whether petitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-0544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).

Cases in which good faith has been found to be lacking often involve petitioners who failed to produce or actively concealed evidence undermining their claims. *Purnell-Reid v. Sec'y of Health & Hum. Servs.*, No. 18-1101V, 2020 WL 2203712 (Fed. Cl. Spec. Mstr. Apr. 6, 2020); *Crowding v. Sec'y of Health & Hum. Servs.*, No. 16-0876V, 2019 WL 1332797 (Fed. Cl. Spec. Mstr. Feb. 26, 2019); *Heath v. Sec'y of Health & Hum. Servs.*, No. 08-0086V, 2011 WL 4433646 (Fed. Cl. Spec. Mstr. Aug. 25, 2011); *Carter v. Sec'y of Health & Hum. Servs.*, No. 90-3659V, 1996 WL 402033 (Fed. Cl. Spec. Mstr. July 3, 1996).

"Additionally, a petitioner's attorney's conduct may also be relevant when evaluating good faith." *Purnell-Reid*, 2020 WL 2203712, at *6. "Counsel still have a duty to investigate a Program claim even if they reasonably find their client to be a credible individual.: *Cortez v. Sec'y of Health & Hum. Servs.*, No. 09-0176V, 2014 WL 1604002, at *8 (Fed. Cl. Spec. Mstr. Mar. 26, 2014). Factors, such as a looming statute of limitations and the concept of counsel, are properly considered when determining whether good faith exists—but *do not bear* on the claim's objective basis. *Simmons*, 875 F.3d at 636; *Amankwaa v. Sec'y of Health & Human Servs.*, 138 Fed. Cl. 282, 289 (2018) ("the effort that an attorney makes to investigate a claim or to ensure that a claim is asserted before the expiration of the statutory limitations period … are properly evaluated in determining whether a petition was brought in good faith").

"Reasonable basis, on the other hand, is an objective test, satisfied through objective evidence." *Cottingham*, 971 F.3d at 1344. The reasonable basis requirement examines "not at the likelihood of success [of a claim] but more to the feasibility of the claim." *Turner*, 2007 WL 4410030, at *6 (quoting *Di Roma v. Sec'y of Health & Human Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). The Federal Circuit recently explained "that a reasonable basis analysis is limited to objective evidence, and that subjective considerations, such as counsel's subjective views on the adequacy of a complaint, do not factor into a reasonable basis determination." *James-Cornelius on Behalf of E.J. v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1379 (Fed. Cir. 2021). Stated differently, a claim that on its face (without any weighing of the evidence) is not supported by the materials required by the Vaccine Act for a special master

to be able legally to award compensation does not have a reasonable basis. *Good Game v. Sec'y of Health & Hum. Servs.*, 157 Fed. Cl. 62, 68 (2021).

Although clearly easier to meet than the preponderant standard required for compensation, "courts have struggled with the nature and quantum of evidence necessary to establish a reasonable basis." *Wirthshafter v. Sec'y of Health & Human Servs.*, 155 Fed. Cl. 665, 671 (Fed. Cl. 2021). "[I]t is generally accepted that 'a petitioner must furnish *some evidence* in support of the claim.'" *Id.* (quoting *Chuisano*, 116 Fed. Cl. at 288, emphasis added in *Wirthshafter*).

Citing the *prima facie* elements of a successful claim described in Section 11(c)(1), the Federal Circuit recently instructed that the level of the objective evidence sufficient for a special master to find reasonable basis should be "more than a mere scintilla but less than a preponderance of proof." *Cottingham*, 971 F.3d at 1345–46. "This formulation does not appear to define reasonable basis so much as set its outer bounds." *Cottingham v. Sec'y Health & Hum. Servs.*, 159 Fed Cl. 328, 333 (Fed. Cl. 2022) ("*Cottingham II*"). "[T]he Federal Circuit's statement that a special master 'could' find reasonable basis based upon more than a mere scintilla does not mandate such a finding." *Cottingham II*, 159 Fed. Cl. at 333 (citing *Cottingham I*, 971 F.3d at 1346). Further, the standard of establishing "more than a mere scintilla of evidence" cannot be met where the evidence is so contrary that a feasible claim is impossible. *Cottingham v. Sec'y of Health & Hum. Servs.*, 154 Fed. Cl. 790, 795 (2021).

Furthermore, determining reasonable basis is not a static inquiry. Reasonable basis which may have existed when a claim was filed can cease to exist as further evidence is presented, revealing the claim's lack of objective support on an ongoing basis. *Perreira*, 33 F.3d at 377. In *Perreira*, the Federal Circuit affirmed a special master's determination that reasonable basis was lost after Petitioner's "expert opinion, which formed the basis of the claim, was found to be unsupported by either medical literature or studies." *Id.* at 1376.

B.      The Parties' Arguments

Respondent argues that Petitioner's claim lacks reasonable objective basis. Opp. at 1. While Petitioner was able to substantiate the diagnoses of GBS and AIDP, her medical records show that the onset of her symptoms occurred nearly *ten weeks* after her vaccination, placing them "far outside a medically acceptable interval to be causally connected." *Id.* at 10. Additionally, Petitioner failed to provide any "objective evidence of a reliable medical theory" that causally linked her Tdap vaccination to her injuries. *Id*. at 9. One of Petitioner's outpatient occupational therapists did suggest that her GBS was "post tetanus vaccine," but that view was not supported by any medical record from Petitioner's inpatient hospitalization. *Id*. at 5. And, Respondent argues, "[m]ere belief that the vaccine caused an injury is not enough to satisfy the reasonable basis standard." *Id*. at 10.

4

Petitioner contends in response that the eight-week time frame for symptom onset (applied somewhat loosely to claims involving GBS in the causation context) is not a "rigid temporal cutoff" that "automatically negate[s] causation," and that she believed she would have been able to establish causation for her off-Table claim under *Althen* prong three. Reply at 2. Had the case proceeded, she argues, experts would have attempted to establish both that Tdap can cause GBS and AIDP and that a ten-week onset delay is medically appropriate. *Id*. at 2. Moreover, Petitioner argues that the reasonable basis standard "does not require definitive proof of causation at the filing stage but rather a good-faith basis supported by some objective evidence." *Id*. at 3. Petitioner claims that her medical records, along with her affidavit recounting her experiences, should be "considered as part of her supporting objective evidence." *Id*. at 3. And counsel notes that she only was contacted to take the case within three months of its hitting the three-year statute of limitations cut-off, giving her little time to do more than seek records. *Id.* at 1.

**ANALYSIS**

Petitioner's causation-in-fact claim must meet all three of the causation prongs set forth in *Althen v. Sec'y of Health & Hum. Servs.*, 418 F.3d 1274, 1277 (Fed. Cir. 2005).[4] The third prong requires a claimant to show that onset of their injury occurred in a "medically acceptable timeframe" when measured from the time of vaccination. *Althen*, 418 F.3d at 1281 (equating "proximate temporal relationship" with "medically-acceptable temporal relationship").

The Vaccine Injury Table establishes a kind of claim that bears on what is a medically-acceptable timeframe for onset of GBS after receipt of a covered vaccine. It specifically provides for the claim of GBS only after receipt of an influenza vaccine, and requires a petitioner establish that onset manifested within 3–42 days of the vaccine's administration. 42 C.F.R. § 100.3(a)(XIV)(D). Because Petitioner received a different vaccine, she cannot literally rely on this defined timeframe (although this fact has not stopped other claimants from invoking it for causation-in-fact claims). But it at least suggests what *would* be a medically-acceptable post-vaccination timeframe for one vaccine known to be associated with GBS—and it goes no further than *six weeks*.

In a few individual cases, special masters have found a post-vaccination onset beyond six weeks to be medically acceptable.[5] But this has never been a prevailing view—and indeed it is exceedingly rare for an onset longer than *eight* weeks to be found to be medically acceptable. *See, e.g.*, *Williams v. Sec'y of Health & Hum. Servs.*, No. 19-1177V, 2021 WL 815921, at *4 (Fed. Cl.

---

[4] The prongs set forth in *Althen* are "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of proximate temporal relationship between vaccination and injury." 418 F.3d at 1278.

[5] *Spayde v. Sec'y of Health & Hum. Servs.*, No. 16-1499V, 2021 WL 686682, at *19 (Fed. Cl. Spec. Mstr. Jan. 27, 2021) (characterizing a 60-day onset of GBS "exceedingly close" to the accepted 56-day timeframe and indicating such onset would satisfy *Althen* prong three).

Spec. Mstr. Jan. 19, 2021) (finding that petitioner's onset of GBS occurred 101 days post-vaccination at the earliest, falling well outside the 42-day limit for a viable Table flu-GBS claim, and nearly doubling the *longest time* accepted in any Program decision for a similar non-Table claim); *Chinea v. Sec'y of Health & Human Servs.*, No. 15-095V, 2019 WL 1873322, at *33 (Fed. Cl. Spec. Mstr. Mar. 15, 2019), *mot. for review den'd*, 144 Fed. Cl. 378 (2019) (holding that onset of the petitioner's GBS occurred eleven to twelve weeks after her vaccination, too far beyond the six- to eight-week medically appropriate timeframe for the occurrence of vaccine-induced GBS); *Barone v. Sec'y of Health & Human Servs.*, No. 11-707V, 2014 WL 6834557, at *13 (Fed. Cl. Spec. Mstr. Nov. 12, 2014) (finding eight weeks (56 days) is the longest timeframe for a flu vaccine/GBS injury ever determined in the Vaccine Program).

Accordingly, a claimant's medical history would need to feature some particularly uncommon circumstances for a claim involving a post-vaccination timeframe longer than 56 days to even *possibly* satisfy the timeframe element of causation. But this record does not—and nothing filed subsequently remediated this absence of objective support. Rather, Petitioner's medical history consistently reveals a reported onset of neurologic symptoms beginning three-days prior to her hospitalization on June 5, 2020—approximately *70 days* post-vaccination. *See, e.g.*, Ex. 4 at 3–6 (reporting a three-day history of generalized muscle weakness); Ex. 5 at 64–65, 2671 (complaining of aching pain all over her body that began two days prior to her hospital admission), 2695–2700 (indicating being in her usual state of health three nights prior to admission to the Ohio State University Hospital).

As a result, this claim lacked critical objective support for the third *Althen* prong. The record not only established an onset even beyond eight weeks, but provided no specific circumstances that might possibly justify such an inordinately long post-vaccination onset. And this was evidence that could have been ascertained prior to the claim's filing.[6] It was thus incumbent that counsel ensure, at a minimum, that the temporal relationship between vaccination and onset was reasonable before filing this case, by looking at least for medical record evidence suggesting a reasonable onset. Because this case was filed without any such evidence, it lacked reasonable basis from its outset—and it is reasonable to place the risk of nonpayment of fees on counsel under such circumstances.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs even to an unsuccessful litigant only if the litigant establishes the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought. Section 15(e)(1). In this

---

[6] The fact that counsel lacked enough time to evaluate the claim due to a looming statute of limitations cut-off is no excuse, for the efforts of counsel generally are not equivalent to objective proof in support of a claim. *Hamilton v. Sec'y of Health & Hum. Servs.*, No. 14-785V, 2018 WL 2772197 (Fed. Cl. Spec. Mstr. Apr. 12, 2018) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017) (finding "[w]hether there is a looming statute of limitations deadline … has no bearing on whether there is a reasonable factual basis for the claim raised in the petition")).

case, I find that Petitioner's claim is insufficiently supported by objective evidence for a finding of reasonable basis. Accordingly, Petitioner's Motion for Final Attorney's Fees and Costs is hereby **DENIED**.

        **IT IS SO ORDERED**.

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master
