# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-729V

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                    *
JEFFREY SCOTT CURRY,                *        Chief Special Master Corcoran
                                    *
                                    *
            Petitioner,             *        Filed: June 26, 2025
                                    *
        v.                          *
                                    *
SECRETARY OF HEALTH AND             *
HUMAN SERVICES,                     *
                                    *
            Respondent.             *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Richard Underwood,* Harris/Shelton, PLLC, Memphis, TN, for Petitioner.

*Emily Hanson,* U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING IN PART MOTION FOR FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On June 30, 2022, Jeffrey Scott Curry filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petition (ECF No. 1) ("Pet."). Petitioner alleges that he experienced transverse myelitis ("TM") due to a Tetanus-diphtheria-acellular pertussis vaccine he received on July 3, 2019. Pet. at 1. I issued a decision denying entitlement, and Petitioner successfully obtained review of it – but on remand, I denied entitlement a second time, and this determination was not appealed. Decision on Remand, dated Apr. 28, 2025 (ECF No. 47).

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated May 2, 2025 (ECF No. 48) ("Mot."). This is Petitioner's sole fees and costs request. Petitioner requests a total of $90,829.94 in attorney's fees and costs ($84,102.50 in fees, plus $6,727.44 in costs), for all work performed on the matter, including the successful Motion for Review. Mot. at 10, 11. Respondent reacted to the fees request on May 13, 2025, representing that he defers to my discretion as to whether the statutory requirements for an award of attorney's fees and costs are met in this case, and if so, the calculation of the amount to be awarded. *See* Response, dated May 13, 2025 (ECF No. 49) ("Resp."). Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT** Petitioners' motion, awarding fees and costs in the total amount of **$90,499.94.**

## ANALYSIS

### I.  Petitioner's Claim had a Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the claim—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

The standard for finding the existence of reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases

that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).

Petitioner's claim was ultimately unsuccessful, BUT I find that there was sufficient objective basis to entitle him to a fees and costs award. Petitioner's injury was never in dispute, nor the fact of vaccination, and he raised reasonable fact questions about whether his onset was medically acceptable. And on that latter, disputed issue, he was able to marshal record evidence that his early symptoms could have reflected prostatitis rather than TM. His appeal also raised fair questions about a factual error in my original decision. Thus, a final award of fees and costs in this matter is permissible. And because I find no reason otherwise to deny a fees award, I will allow one herein.

## II.  Calculation of Fees

### A.  Hourly Rates

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. Id. at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), except where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorney and support staff, based on the years work was performed:

| | 2022 | 2023 | 2024 | 2025 |
|---|---|---|---|---|
| **Robert Underwood (Attorney)** | $425 | $425 | $425 | $425 |
| **Beth Sansone (Paralegal)** | $125 | $125 | $125 | $125 |

ECF No. 48 at 2.

Richard Underwood practices in Memphis, TN—a jurisdiction that has been deemed "in forum." Accordingly, he and his paralegal should be paid forum rates as established in *McCulloch*. *See Hock v. Sec'y of Health & Hum. Servs.*, No. 17-168V, 2021 WL 1733520, at *2 (Fed. Cl. Spec. Mstr. Apr. 8, 2021). The rates requested for Mr. Underwood and his paralegal are also consistent with the Office of Special Masters' fee schedule. I therefore find no reason to reduce either Mr. Underwood's or his paralegal's rate.

### B.     Paralegal Tasks Billed at Attorney's Rate

Almost all of the time devoted to the matter was reasonably spent, and should be compensated in full. However, the billing records submitted with Petitioner's request reveal some instances in which counsel billed some paralegal tasks at an attorney rate.[3] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). Application of the foregoing approach reduces the amount of fees to be awarded by **$330.00**.[4]

---

[3] Entries considered paralegal in nature include drafting and filing basic documents such as an exhibit list, PAR Questionnaire, notice of filing exhibit list, statements of completion, notice of intent, cover sheet, joint notices not to seek review, filing medical records, drafting subpoenas for records, and following up on production of records from providers. *See* billing entries dated: 06/30/2022; 08/01/2022; 11/07/2022; 3/10/2023. ECF No. 48-1 at 5–7.

[4] This amount consists of: ($425 - $125 = $300 x 1.1 hrs. = $330). ECF No. 48-1 at 5–7.

### III. Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $6,727.44 in outstanding costs, including filing fees, medical record retrieval costs, mailing costs, and costs associated with an independent investigation contractor. I find that Petitioner's counsel has not substantiated all of the costs with the required supporting documentation, such as an invoice or proof of payment. ECF No. 48-1 at 15–39. I will nevertheless reimburse these costs in full, since the unsubstantiated amounts requested are overall minimal. But Petitioner's counsel should be aware that any future requests for costs may result in a curtailed or denied award for failure to include all of the required supporting documentation. *See* Guidelines for Practice Under the National Vaccine Injury Compensation Program at 75–78.[5]

### CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioners' Motion for Attorney's Fees and Costs and award a total of **$90,499.94 (reflecting $83,772.50 in attorney's fees and $6,727.44 in costs)** to be paid through an ACH deposit to Petitioners' counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[6]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] The guidelines for Practice Under the National Vaccine Injury Compensation Program can be found at: https://www.uscfc.uscourts.gov/sites/cfc/files/Vaccine%20Guidelines%203.03.2025.pdf.

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.